# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1314V
Filed: August 7, 2019
UNPUBLISHED

| | |
|---|---|
| JOAN FRAM,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Heather M. Bonnet-Hebert*, Robert B. Feingold & Associates, New Bedford, MA, for petitioner.
*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 22, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after an influenza ("flu") vaccination administered on October 13, 2015. Petition at 1. On February 27, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 35.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 13, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 40. Petitioner requests attorneys' fees in the amount of $16,460.25 and attorneys' costs in the amount of $1,090.16. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 40 – 4. Thus, the total amount requested is $17,550.41.

On June 27, 2019, respondent filed a response to petitioner's motion. ECF No. 41. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

### I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## II. Attorney Fees

### A. Hourly Rates

Petitioner requests compensation for attorney Heather M. Bonnet-Hebert at the rate of $350 per hour for all time billed in this case. ECF No. 40 at 1. Ms. Bonnet-Hebert billed for time spent on tasks from 2016 - 2019. In her affidavit she states that has been a licensed attorney for the past 15 years. *Id* at 1. Independent research by this court shows that Ms. Bonnet-Hebert was licensed in the states of Massachusetts and Rhode Island in 2004.[3] This would place her in the range of attorneys with 11-19 years of experience during this case. Although Ms. Bonnet-Hebert has been awarded attorney fees and costs in past cases, an hourly rate for her work has not been previously analyzed or awarded by the Court.

While the requested rates are within the appropriate experience range on the Court's Attorneys' Hourly Rate Fee Schedule, the rates are towards the high end of the spectrum given her limited experience in the Vaccine Program and her overall legal experience.[4] *See McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[5] As such, the undersigned reduces Ms. Bonnet-Hebert's hourly rate to the following; $315 per hour for work performed in 2016 and 2017, $325 per hour for work performed in 2018 and $340 per hour for work performed in 2019. This results in a reduction of fees requested by **$895.00**.[6]

### B. Travel Time

In the Vaccine Program, special masters traditionally have compensated for time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at

---

[3] https://www.avvo.com/attorneys/02903-ri-heather-bonnethebert-4482250.html

[4] Ms. Bonnet-Hebert has been attorney of record in three past cases and was awarded fees through agreement with Respondent. At this time, Ms. Bonnet-Herbert has three open cases with this Court.

[5] Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for 2019 and are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf

[6] This amount consists of ($350 - $315 = $35 x 9.7 hrs = $339.50) + ($350 - $325 = $25 x 18.1 hrs = $452.50) + ($350 - $340 = $10 x 10.3 hrs = $103.00) = $895.00.

*12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

Ms. Bonnet-Hebert's billing invoices show two entries that have travel time billed at her full rate and blocked billed with other tasks. The first is dated June 6, 2018 for 2.5 hours and reads "[t]ravel to and meeting with homebound client and her husband to obtain signed affidavit and discuss preparation of demand; obtain and upload receipts and signed affidavit to server." *Id.* at 4. The second entry is May 3, 2019 for 1.8 hrs, "travel to and meeting with homebound client to transmit settlement check and discussion re status and next steps re Medicare Secondary Recovery file opened by CVD and filing of fee petition." *Id.* at 6. As the travel time was included with the other tasks, the undersigned can not differentiate the amount of time spent on each task and the time spent on just travel. Due to this, the undersigned will reduce these entries by 25% and encourages counsel in the future to bill travel time separately at the appropriate reduced rate. This reduction results in a reduction of fees requested in the amount of **$356.13**.[7]

### III.  Attorney Costs

Petitioner requests reimbursement for attorney costs incurred by counsel in the amount of $1,090.16. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs and petitioner's costs sought.

### IV.  Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,299.28[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Heather M. Bonnet-Hebert.**

---

[7] This amount consists of ($325 x 2.5 hrs = $812.50 x 0.25 = $203.13) + ($340 x 1.8 hrs = $612 x 0.25 = $153) = $356.13. The reduction included the already reduced hourly rates.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.